UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEY SALAS, CDCR #AD-7027,<br><br>         Plaintiff,<br><br>v.<br><br>DR. J. CHAU; R.N. MILTIN,<br><br>         Defendants. | Case No.:  21-cv-1786-BTM-DEB<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>**[DKT. NO. 23]** |

## I. INTRODUCTION

Before the Court is Plaintiff Joey Salas' Motion for Appointment of Counsel. Dkt. No. 23. Plaintiff is a state prisoner proceeding pro se and in forma pauperis on a claim filed pursuant to 42 U.S.C. § 1983. Dkt. No. 1. For the reasons discussed below, the Court **DENIES** Plaintiff's Motion without prejudice.

## II. BACKGROUND

The Court summarized Plaintiff's claims in the November 29, 2021 Order Screening Complaint and Directing Clerk of the Court to Issue a Summons. Dkt. No. 2 at 2–3.[1]

//

---

[1] When referencing page numbers for documents filed with the Court, the Court's citation refers to the page numbers assigned by the Court's CM-ECF system.

### III. LEGAL STANDARD

An indigent's right to appointed counsel exists "only where the litigant may lose his physical liberty if he loses the litigation." *Lassiter v. Dep't of Soc. Servs. of Durham Cty., N. C.*, 452 U.S. 18, 25 (1981). District Courts generally lack authority to require counsel to represent indigent prisoners in Section 1983 cases. *Mallard v. U.S. Dist. Court for S. Dist. of Iowa*, 490 U.S. 296, 298–309 (1989). Appointing counsel is reserved for exceptional circumstances. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). When assessing whether exceptional circumstances exist, the Court must undergo "an evaluation of both 'the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.'" *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). Courts must consider both factors, and neither is individually dispositive. *Id.*

### IV. DISCUSSION

Plaintiff contends the Court should appoint counsel because: (1) "due to this being a medical claim . . . it is a factually complex case"; (2) "Plaintiff has no ability to investigate the facts" due to COVID-19 related lock-downs; (3) "Plaintiff's accounts of denial of medical care by Defendants will be . . . a credibility contest between Defendant and the Plaintiff"; (4) "Plaintiff is an indigent prisoner with no legal training"; (5) the case is legally complex; (6) Plaintiff's "allegations if proved clearly would establish a constitutional violation"; and (7) "the court will save time, court fees, unnecessary exposure to the COVID-19 virus due to Plaintiff's legal documents being exposed to the many hands of both prison guards, free staff, and inmates." Dkt. No. 23 at 9–11.

#### A. <u>Likelihood of Success on the Merits</u>

Although Plaintiff contends his allegations, if proven, would establish an Eighth Amendment violation, he has not presented evidence demonstrating a likelihood of his success on the merits. *See, e.g., Bailey v. Lawford*, 835 F. Supp. 550, 552 (S.D. Cal. 1993) (finding where the plaintiff offered "no evidence other than his own assertions to support his claims," he failed to show likelihood of success on the merits). Moreover, at this early

stage of the proceedings, it is premature to evaluate the strength of Plaintiff's claim. *See, e.g., Garcia v. Smith*, No. 10-cv-1187-AJB-RBB, 2012 WL 2499003, at *3 (S.D. Cal. June 27, 2012) (denying motion for appointment of counsel even though plaintiff's complaint had survived a motion to dismiss, because it was too early to determine whether any of plaintiff's claims would survive a motion for summary judgment). The Court, therefore, has no basis to find a likelihood that Plaintiff will succeed on the merits of his claim.

### B. Plaintiff's Ability to Articulate his Claims

Plaintiff has demonstrated the ability to articulate his claims. He has prepared and filed: (1) a Complaint that survived 28 U.S.C. § 1915A(b) screening (Dkt. Nos. 1, 2); (2) a motion to proceed in forma pauperis (Dkt. Nos. 5, 6); (3) two motions for enlargement of time (Dkt. Nos. 7, 8); (4) a motion to compel discovery (Dkt. Nos. 12, 15); and (5) this Motion (Dkt. No. 23). These filings demonstrate that Plaintiff is able to articulate his claims and navigate civil procedure without legal assistance, and he has done so while facing the pandemic-related challenges he complains of. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (finding exceptional circumstances were not satisfied where the District Court observed Plaintiff "was well-organized, made clear points, and presented the evidence effectively").[2]

---

[2] While the Court is sympathetic to the difficulties Plaintiff is experiencing due to COVID, the restrictions are easing and Courts have found restrictions imposed during the height of COVID did not constitute exceptional circumstances sufficient to appoint counsel. *See, e.g., Pitts v. Washington*, No. 18-cv-526-RSL-MLP, 2020 WL 2850564, at *1 (W.D. Wash. June 2, 2020) (denying motion for appointment of counsel because, "[a]lthough Plaintiff contends he is unable to access the law library because of social distancing, this bare assertion does not justify the appointment of counsel at this time, nor does the COVID-19 pandemic."); *Faultry v. Saechao*, No. 18-cv-1850-KJM-AC-P, 2020 WL 2561596, at *2 (E.D. Cal. May 19, 2020) (denying motion for appointment of counsel and explaining that "[c]ircumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances supporting appointment of counsel. . . . The impacts of the COVID-19 health crisis on prison operations are also common to all prisoners.").

C.     <u>Plaintiff's Other Arguments in Support of Exceptional Circumstances</u>

Plaintiff's remaining arguments also do not establish "exceptional circumstances." "[C]onflicting testimony [and] possible credibility issues" are common to all litigation and "do not present exceptional circumstances warranting appointment of counsel . . . ." *Kakowski v. Allison*, No. 21-CV-01675-JAH-JLB, 2022 WL 2306828, at *5 (S.D. Cal. June 27, 2022). And a lack of legal expertise is the norm rather than an exceptional circumstance in pro se civil rights cases. *See, e.g., Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990) (denying appointment of counsel where plaintiff complained that he had limited access to law library and lacked a legal education); *see generally Thompson v. Paramo*, No. 16-cv-951-MMA-BGS, 2018 WL 4357993, at *1 (S.D. Cal. Sept. 13, 2018) (finding a pro se prisoner civil rights plaintiff's argument that his case is factually and legally complex, he has a limited ability to investigate and present his case, he needs discovery, he is indigent, and he lacks legal training to be circumstances that are typical of almost every pro se prisoner civil rights plaintiff are insufficient to demonstrate exceptional circumstances).

Finally, pro se litigants are afforded some leniency to compensate for their lack of legal training. "In civil rights cases where the plaintiff appears pro se, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Jackson v. Carey*, 353 F.3d 750, 757 (9th Cir. 2003) (internal citation omitted). This leniency applies to motions. *Bernhardt v. Los Angeles Cty.*, 339 F.3d 920, 925 (9th Cir. 2003). The Court will take Plaintiff's pro se status into consideration when reviewing his filings.

//
//
//
//
//
//

## V.   CONCLUSION

For all of these reasons, the Court finds that Plaintiff has not demonstrated exceptional circumstances to warrant appointment of counsel. Plaintiff's Motion is, therefore, DENIED without prejudice to renewal at a later stage of the proceedings.

**IT IS SO ORDERED**.

Dated:  August 10, 2022

_____
Honorable Daniel E. Butcher
United States Magistrate Judge